UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOSEPH LEWIS PRICE,
Plaintiff,
v.

DEPARTMENT OF CORRECTIONS, *et al.*,
Defendants.
______________________________/

Case No. 22-11872

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 45)**

## I. PROCEDURAL HISTORY

Plaintiff Robert Joseph Lewis Price filed this *pro se* prisoner civil rights suit on August 12, 2022, and amended on March 8, 2023. (ECF Nos. 1, 19). Defendants Badgerow, Barnett, Brooks, Christiansen, Cunningham, Desco, Fuller, Hunt, Inman, Ketchum, MaCauley, Makara, Reed, Russell, and Czarnik (Salinas) filed a motion to dismiss on February 28, 2024. (ECF No. 45). The motion is fully briefed. (ECF Nos. 50, 51).

This case was referred to the undersigned for all pretrial matters. (ECF No. 29).

For the reasons discussed below, the undersigned recommends that Defendants' motion to dismiss be granted and the moving Defendants be dismissed.

## II. BACKGROUND

Plaintiff Robert Joseph Lewis Price was incarcerated in St. Louis Central on June 24, 2020. (ECF No. 19, PageID.167). He brings many allegations against prison officials, claiming that they "acted in collusion to cause mayhem" and retaliated against him for filing grievances. (*Id.* at PageID.170-182). His claims arise under the First and Fourteenth Amendments. (*Id.* at PageID.166).

He claims that Defendants Gillespie, Stehlik, and Kline wrongfully issued him tickets. (*Id.* at PageID.167-68, 178, 180). He also states Defendants Coughlynn, Pepper, Darnell, and Gibson did not honor his medical accommodations. (*Id.* at PageID.176, 179, 182). Plaintiff then states Defendants Keller, Coughlynn, Addis, and Stehlik would prostitute themselves and give sexual favors to inmates who harassed him. (*Id.* at PageID.171, 176, 182, 184). He claims that Barnett wrote Plaintiff tickets and watched Stehlik perform sexual activities. (*Id.* at PageID.178). Then, Plaintiff states Defendants Denison, Mose, Moyer, Coughlynn, Addis, Ritter, Pepper, Kline, Gibson, Moore, Van De Casteele, and Flemming would harass him. (*Id.* at PageID.171, 176, 180, 182, 185, 188, 192). He also claims Defendants Jones, Moore, Stewart, Pezon, and Burke denied

assistance when he asked for it. (*Id.* at PageID.190, 192). He argues Officer Morreno trashed his room, and Defendant Bugsbee denied him the right to appeal his grievance and violated his right to file a motion. (*Id.* at PageID.181, 187)

The moving Defendants are mentioned in grievances Plaintiff attaches. On September 15, 2020, Defendant Reed issued a misconduct report. (*Id.* at PageID.229-237). Russell denied Plaintiff's rehearing requests. (*Id.* at PageID.250-251, 296). And Fuller found Plaintiff guilty in a misconduct hearing report. (*Id.* at PageID.259). He then attaches a Step I grievance response form signed by Defendant Makara, a security reclassification notice signed by Badgerow, and a grievance appeal response signed by MaCauley and Brooke. (*Id.* at PageID.225, 238, 244-246, 262, 263, 264, 266, 267, 269).

## III. ANALYSIS AND RECOMMENDATIONS

### A. Governing Standards

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also*, *Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se*

plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).”).

B. Discussion

Defendants argue that Plaintiff did not raise any allegations against them in his amended complaint. (ECF No. 45, PageID.658). Because of this, they claim he “does not allege how any of these individuals either encouraged any unconstitutional action or directly participated in it.” (*Id.*). Then, Defendants Christiansen, Makara, Macauley, Brooke, and Russell state that the exhibits attached to Plaintiff’s amended complaint show that they participated in the grievance process and that “involvement in the grievance process is insufficient to sustain a claim under § 1983.” (*Id.* at PageID.659). As a result, Defendants argue that the Court should dismiss all claims against them.

i. Lack of Allegations

First, the moving Defendants argue that failure to supervise or act is insufficient to state a claim, and that awareness of illegal conduct after the fact is insufficient to impose liability. (*Id.* at PageID.656-658).

Of the Defendants who moved for dismissal, Plaintiff only names Defendant Barnett in his complaint. He does not mention the others. Because he did not “allege that these defendants condoned, encouraged, or knowingly acquiesced in the alleged misconduct . . . his complaint lack[s] an arguable basis in law.”

*Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). "Merely listing names in the caption of [a] complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (internal citations omitted). Plaintiff "merely alleges the ultimate fact of retaliation in this action." *Snelling v Smith*, 2016 WL 3876568 (W.D. Mich. July 18, 2016). He has not stated claims against these Defendants.

As to Barnett, Plaintiff claims that Barnett watched other officers prostitute themselves. (ECF No. 19, PageID.178). He also claims Barrett and Stehlik wrote him tickets "for opening a door to get on J-Pay[,] something everybody does on a daily basis." (*Id.*).

Plaintiff has failed to state a claim against Barnett. Though misconduct tuckets "are often recognized as adverse actions sufficient to support a retaliation claim[,]" *LaPine v. Gordon*, 2023 WL 9540808, at *4 (W.D. Mich. Nov. 20, 2023) (citation omitted), "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). While he states that Barnett wrote him tickets for opening the door, Plaintiff has not alleged that the tickets were retaliatory. Because of this, he has not successfully alleged retaliation.

With respect to the prostitution allegation, Plaintiff must assert that a Defendant "was personally involved in the decision" upon which liability is based. *Grogg v. State*, 2019 WL 386973, at *3 (6th Cir. Jan. 7, 2019). Without any allegations that Barnett was prostituting, or that the prostitution was retaliatory, Plaintiff failed to state a claim. *Id.* (Plaintiff failed to state a claim when "complaint contained no direct allegation of wrongdoing" against the Defendant). Without more, watching officers engage in sexual activities is not enough to impose liability. Plaintiff has failed to state a claim against Barnett.

In his reply, Plaintiff claims that an employer is liable for the acts of its employees when an employee is acting within the scope of their authority. (ECF No. 50, PageID.677). But this is not the case. Failure to supervise, control, or train an individual is not actionable without proving that each individual's actions violated the Constitution. *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff has not alleged these Defendants have violated the Constitution, this argument fails.

ii. Grievance Process

Plaintiff attaches grievances to his brief in which Defendants are responding officers. Christiansen and Macauley were both Step II respondents to Plaintiff's grievances. (ECF No. 27, PageID.392, 394, 398, 402, 403, 423, 425, 441, 443, 447, 448, 450, 454, 456, 470). Brooke was a Step I respondent, and Makara a Step

I reviewer. (*Id.* at PageID.400, 404, 424, 442, 446, 449, 451, 452, 455, 470). Russell was both the hearings administrator and grievance section manager. (*Id.* at PageID.401, 429, 430, 475).

Defendants argue that "a prison official's involvement in the grievance processes is insufficient to sustain a claim under § 1983." (*Id.* at PageID.45, PageID.658-59) (internal citations omitted). This is true. When a Defendant's "only [role] in [the] action involve[d] the denial of administrative grievances . . . they cannot be liable under § 1983." *Shehee*, 199 F.3d at 300.

Also, an officer who responds to a grievance is not the one being grieved. *Burnett v. Elebode*, 2021 WL 1152998 (E.D. Mich. Mar. 26, 2021). That Christiansen, Makara, Macauley, Brooke, and Russell were all respondents to the grievances "indicates that [they were] not involved in the grievance." *Id.*

"Even pro se complaints must satisfy basic pleading requirements." *Gilmore*, 92 F. App'x at 190. Because these Defendants were not mentioned in any of Plaintiff's allegations and did not participate in the actions, their motion to dismiss should be granted. Plaintiff has failed to state a claim against Christiansen, Badgerow, Desco, Makara, Reed, Macauley, Brooke, Cunningham, Fuller, Ketchum, Inman, Barnett, Hagerl, (Salinas) Czarnik, and Russell.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 45) be **GRANTED** and that Defendants Badgerow, Barnett, Brooke, Christiansen, Cunningham, Desco, Fuller, Hagerl, Inman, Ketchum, Macauley, Makara, Reed, (Salinas) Czarnick, and Russell be **DISMISSED**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: August 8, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 8, 2024.

s/Sara Krause
Case Manager
(810) 341-7850