UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOSEPH LEWIS PRICE,

        Plaintiff,                        Civil No. 22-cv-11872

v.                                      Hon. Matthew F. Leitman

DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

_____/

## ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 113), (2) TERMINATING AS MOOT PLAINTIFF'S MOTION TO AMEND (ECF No. 115), AND (3) GRANTING DEFENDANTS' UNOPPOSED MOTION TO SEVER (ECF No. 116)

Plaintiff Robert Joseph Lewis Price is a former state inmate who at all relevant times was in the custody of the Michigan Department of Corrections (the "MDOC"). In his First Amended Complaint in this action, Price attempted to bring claims against nearly 40 different Defendants that arose out of several unrelated acts of alleged misconduct at three different MDOC facilities. (*See generally*, Am. Compl., ECF No. 27.)

On September 15, 2025, the Court issued an order that, among other things, directed Price to file a Second Amended Complaint and dismissed certain claims against three Administrative Law Judges. (*See* Order, ECF No. 110.)  In that order, the Court explained that "Price's joinder of so many unrelated claims against so many unrelated Defendants in a single action does not comply with the applicable

Federal Rules of Civil Procedure." (*Id.*, PageID.1149.)  It therefore directed Price to

file a Second Amended Complaint that complied with the following instructions:

> [Price's] Second Amended Complaint must strictly comply with the federal rules on the joinder of claims and parties quoted above.  More specifically, in the Second Amended Complaint, Price shall either (1) name a single Defendant, and if he names a single Defendant, he may bring all of the claims he may have against that single Defendant; or (2) if Price wishes to name multiple Defendants, he shall limit the claims in that Second Amended Complaint against those multiple Defendants to claims that arose out of the same transaction or occurrence.  He shall not join together unrelated claims against unrelated Defendants.  Moreover, in the Second Amended Complaint, Price shall set out his factual allegations in individually numbered paragraphs.  And if Price brings claims against multiple Defendants that arise out of the same transaction or occurrence, he shall state his factual allegations against each Defendant separately.  Price's Second Amended Complaint shall be typed, if possible, or, if not typed, written in plain, legible handwriting on every other line of paper.  Finally, Price may not bring claims that the Court has dismissed from this action with prejudice.

(*Id.*, PageID.1159-1160; internal footnote omitted.)

Several motions are now pending before the Court.  First, Price has filed a

motion for reconsideration of the Court's order directing him to file a Second

Amended Complaint and dismissing his claims against the Administrative Law

Judges. (*See* Mot., ECF No. 113.)  The Court does not believe that it erred when it

issued that order, and Price has not persuaded the Court to reconsider any of the

relief that the Court issued in that order.  Price's motion for reconsideration is therefore **DENIED**.

Second, Price has filed a motion to amend his Complaint. (*See* Mot., ECF No. 115.)  Incorporated in that motion was Price's proposed Second Amended Complaint. (*See id.*)  As explained above, the Court previously granted Price leave to file a Second Amended Complaint.  Thus, Price's request to file that pleading was unnecessary.  The Court therefore **TERMINATES** Price's motion for leave and will construe that filing as Price's Second Amended Complaint.

Finally, on December 16, 2025, Defendants filed a motion to sever. (*See* Mot., ECF No. 116.)  In that motion, Defendants explain that even though the Court previously instructed Price to comply with all applicable federal rules related to the joinder of claims and parties, Price's Second Amended Complaint "sets forth three sets of claims that arise out of three [separate] sets of events."  (*Id.*, PageID.1244.)  More specifically, Defendants say that (1) "Price's first set of claims arises out of events that allegedly occurred between June 24 and July 10, 2020, when he was housed at the K-Unit, and involves defendants CO Gillespie, PC Brown, Sgt. Teenier, RUM King, and CO Buczek," (2) "Price's second set of claims arises out of events that allegedly occurred at the C-Unit [in July 2020] after the events in the K-Unit, and involves Sgt. Teenier, RUM Fighter, PC Sheffield, CO Most, and CO Keller," and (3) "Price's last set of claims arises from a failure-to-protect incident

3

that allegedly occurred around September 15, 2020, involving Sgt. Gillespie" in the C-Unit. (*Id.*, PageID.1244-1246.)  Because Defendants insist that Price's three sets of claims arise out of separate transactions and occurrences are therefore improperly joined, they ask the Court to "find that Price's second set of claims arising out of July 2020 events at the C-Unit and his third set of claims arising out of September 2020 events at the C-Unit are improperly joined to his first set of claims arising out of the K-Unit, and [to] dismiss[] the misjoined claims from this lawsuit." (*Id.*, PageID.1249.)

Price's response to Defendants' motion was due on December 30, 2025.  Price did not file any response by that deadline.  Nor did he ever contact the Court to seek additional time to respond.  As of the date of this order, Defendants' motion remains unopposed.  Nonetheless, the Court has carefully reviewed the motion, and it agrees with the Defendants that, as currently pleaded, Price's Second Amended Complaint improperly joins separate and independent claims in violation of Federal Rule of Civil Procedure 20.  Accordingly, Defendants' motion to sever (ECF No. 116) is **GRANTED** as follows:

- Price's claims arising out of July 2020 events at the C-Unit and his claims arising out of September 2020 events at the C-Unit are **DISMISSED WITHOUT PREJUDICE** as improperly joined.  If Price wishes to pursue those claims, he may do so in separate suit(s).

4

- The only claims that Price may proceed with in this action are his claims against Defendants Gillespie, Brown, Teenier, King, and Buczek arising out of the events that allegedly occurred between June 24 and July 10, 2020, when he was housed at the K-Unit.  All other claims and Defendants are **DISMISSED WITHOUT PREJUDICE**.

Defendants shall file an Answer or otherwise respond to those remaining claims by no later than **July 20, 2026**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126